IN THE CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA

BADGER DAYLIGHTING
GULF COAST, L.L.C.,
Plaintiff,

v.                                                          CV-2010-1100

CATERPILLAR, INC.;

Defendant.

### COMPLAINT

COMES NOW the Plaintiff, by and through the undersigned counsel, and alleges as follows:

1. Plaintiff is an Alabama limited liability corporation operating in Mobile County, Alabama.

2. Defendant Caterpillar, Inc. (hereinafter "Caterpillar"), is an out-of-state corporation not registered in Alabama, but doing business in the State of Alabama.

3. Beginning in June, 2008, Plaintiff leased four Peterbuilt tractor-trailer trucks from Badger Daylighting Corp., which are identified with the following VIN numbers: 1NPSXUEXX8D768051, 1NPSXUEX08D768057, 1NPSXUEX89D773797, and 1NPSXUEX99D773808. Each of these trucks have used extensively in Plaintiff's business, and are equipped with Caterpillar diesel engines manufactured by Defendant.

1



2. Subsequent to leasing said vehicles, Plaintiff has experienced continuous problems, malfunctions and performance failures with the normal and ordinary use of the trucks as a result of a defective engine component manufactured by Defendant. Specifically, said diesel engines were manufactured by Defendant with a defective diesel regeneration system known as C 15 ACERT. The engine regeneration system's operating failures began shortly after the Plaintiff's initial lease, and continue through the present time, and cause the Plaintiff's trucks to routinely be placed in the repair shop, resulting in substantial lost revenues. Plaintiff has made numerous attempts to have the truck's regeneration system repaired, and on each occasion experienced routine business slowdown and/or interruptions as a result of the system's operating failures. Plaintiff has advised Defendant of the constant problems with the truck's regeneration system, and Defendant has been well aware of the defective nature of the C 15 ACERT system. Plaintiff has requested from Defendant any and all forms of assistance, repair and replacement. Despite Plaintiff's demands, Defendant has failed to adequately remedy, repair or replace said truck regeneration system.

## Count I: Breach of Express Warranty

3. Plaintiff incorporates by reference the allegations contained in paragraphs 1- 2 above.

4. Defendant issued an express written warranty on the trucks engines and components, including the C 15 ACERT regeneration system, warranting them to be free from defects in material and workmanship. Plaintiff is an intended and foreseeable beneficiary of said warranty.

5. Defendant has breached said warranty by failing to adequately repair

and/or replace the regeneration system, including the it's defects in materials and/or workmanship, or otherwise honor the terms of it's warranty.

6. As a proximate result of said breach, Plaintiff has suffered loss of business income, business interruption, replacement costs, and consequential damages.

WHEREFORE, Plaintiff demands a judgment against Defendant in its favor, in an amount which will compensate the Plaintiff, in excess of $ 50,000.00, plus the costs of this action, and such other, further and different relief that this Court may deem proper.

## Count II: Breach of Implied Warranty

7. Plaintiff incorporates by reference the allegations contained in paragraphs 1- 6 above.

8. The Defendant impliedly warranted that said truck engine regeneration systems were fit for their intended use, pursuant to Section 7-2-315 of the Code of Alabama. Furthermore, Defendant impliedly warranted that said Product was merchantable pursuant to Section 7-2-314, Code of Alabama. Plaintiff is a foreseeable and intended beneficiary of said implied warranty.

9. Said engine regeneration systems were unfit for their intended use and purpose, and were not merchantable. As a result, Defendant breached it's implied warranties.

10. As a proximate result of said breach, Plaintiff has suffered loss of business income, business interruption, replacement costs, and consequential damages.

WHEREFORE, Plaintiff demands a judgment against Defendant in its favor, in an amount which will compensate the Plaintiff, in excess of $ 50,000.00, plus the costs of this action, and such other, further and different relief that this Court may deem proper.

## Count III: Negligence

11. Plaintiff incorporates by reference the allegations contained in paragraphs 1-10 above as though fully set-out herein.

12. Defendant negligently designed and manufactured the C 15 ACERT diesel regeneration systems installed in the Plaintiff's trucks, in that Defendant failed to exercise reasonable care in the design, testing, assembly and manufacturing of said system. Defendant developed said system without adequate testing, research and development in an effort to meet an EPA deadline for emissions control. Defendant knew or should have known that said C 15 ACERT regeneration system would cause the constant problems that Plaintiff has experienced.

13. As a proximate result of said negligence, Plaintiff has suffered the damages described in paragraph 2 above.

WHEREFORE, Plaintiff demands a judgment against Defendant in its favor, in an amount which will compensate the Plaintiff, in excess of $ 50,000.00, plus the costs of this action, and such other, further and different relief that this Court may deem proper.

## Count IV: Wantoness

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1-13 above as though fully set-out herein.

15. Defendant wantonly designed and manufactured the C 15 ACERT diesel regeneration system installed in the Plaintiff's trucks, in that Defendant acted with careless and reckless disregard in the design, testing, assembly and manufacturing of said

4

system. Defendant developed said system in a reckless manner without adequate testing, research and development, in an effort to meet an EPA deadline for emissions control. Defendant knew that said C 15 ACERT regeneration system would encounter problems and cause the constant break-downs that Plaintiff has experienced with his trucks.

16. As a proximate result of said wantoness, Plaintiff has suffered the damages described in paragraph 2 above.

WHEREFORE, Plaintiff demands a judgment against Defendant in its favor, in an amount which will compensate the Plaintiff, in excess of $ 50,000.00, plus punitive damages, plus the costs of this action, and such other, further and different relief that this Court may deem proper.

BY: _____
STEVEN L. TERRY
(TERRS011)
Attorney for Plaintiff
1409-B Government Street
Mobile, Al. 36604
(251) 432-4800

Plaintiff demands a trial by jury on all causes of action.

5

BY: _____
STEVEN L. TERRY

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93   Rev. 5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>CV 2010 1100<br>Date of Filing: 08 06 2010<br>Month Day Year    Judge Code: |
|---|---|---|

### GENERAL INFORMATION

IN THE CIRCUIT COURT OF _Mobile County_, ALABAMA
(Name of County)

_Badger Daylighting_ v. _Caterpillar_
Plaintiff                                       Defendant

**First Plaintiff:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other
**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN (check one):** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER:
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** TEM011   Date: 8-6-10   Signature of Attorney/Party filing this form: _[signature]_

**MEDIATION REQUESTED:** ☐ YES  ☑ NO  ☐ UNDECIDED

Revised 1-1-04; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

BADGER DAYLIGHTING
GULF COAST LLC

Plaintiff(s)

vs.

CATERPILLAR INC

Defendant(s)

CIVIL ACTION NO. 2010-1100

DATE COMPLAINT FILED 8-6-10

## ASSIGNMENT TO EXPEDIATED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1) The date the complaint was filed;

(2) That the issues in the case have been defined and joined;

(3) That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4) That a jury trial has or has not been demanded;

(5) The expected length of the trial expressed in hours and/or days;

(6) A brief description of the plaintiff's claim;

(7) The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8) That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9) That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10) That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

<u>NOTIFICATION OF SETTLEMENT</u>

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar).

GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1. <u>EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY</u>

a. Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b. Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c. Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2. <u>DOCTOR, HOSPITAL AND MEDICAL RECORDS</u>

a. If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b. Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c. The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3. <u>DAMAGES</u>

a. All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b. Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4. <u>AGENCY-TIME AND PLACE-DUTY</u>

a. Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5. **EXPERTS**

a. Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b. Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c. Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d. Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6. **JURY INSTRUCTIONS**

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7. **JURY SELECTION**

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8. **DUTY TO SUPPLEMENT DISCOVERY**

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9. **MOTIONS GENERALLY**

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10. **CONFLICTS**

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the 6 day of AUGUST, 2010

_Charles A. Graddick_

Charles A. Graddick, Presiding Circuit Judge

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev 3/08 | **SUMMONS**<br>- CIVIL - | Case Number<br>CV2010-1100 |
|---|---|---|

IN THE **Circuit** COURT OF **Mobile** COUNTY

Plaintiff **Badger Daylighting GJR Const, L.L.C.** v. Defendant **Caterpillar, Inc.**
**100 North East Adam St**
NOTICE TO **Caterpillar, Inc. Peoria, Illinois, 61629**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **Steven L. Terry** WHOSE ADDRESS IS **1404-B Govt. St., Mobile, AL 36604**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

*to be served by private server*

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☑ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date **AUG 06 2010**   JoJo Schwarzauer
Clerk/Register   JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C906
205 Government Street

7009 1680 0000 9891 2428

☑ Certified Mail is hereby requested.

Sent to: CATERPILLAR INC

RETURN ON SERVICE:
☐ Return receipt of certified mail received in this office on
☐ I certify that I personally delivered a copy of the Summons and Complaint to
_____ in _____ County,
Alabama on
(Date)

Date
Address of Server

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CATERPILLAR INC ①
100 NORTH EAST ADAM ST
PEORIA, ILLINOIS 61629

CV-10-1100 C+S

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☑ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
[name]   9-08-10

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☑ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7009 1680 0000 9891 2428

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

CLERK CIRCUIT COURT

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936

2010 SEP -7 AM 3:11



**AlaFile E-Notice**

02-CV-2010-001100.00
Judge: SARAH HICKS STEWART

To: TERRY STEVEN LAMAR
PO BOX 160091
MOBILE, AL 36616

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

BADGER DAYLIGHTING GULF COAST LLC VS CATERPILLAR INC
02-CV-2010-001100.00

The following matter was served on 9/2/2010

D001 CATERPILLAR INC
CERTIFIED MAIL

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov